IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRYL L. WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-1056-CV-W-GAF |
| | ) |
| KANSAS CITY POWER & LIGHT, | ) |
| R.F. FISHER ELECTRIC CO., and | ) |
| KIEWIT INDUSTRIAL CO., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

Presently before the Court is Defendant Kiewit Power Constructors Co.'s (incorrectly pled as "Kiewit Industrial Co.") ("Kiewit") Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. #16). Kiewit argues *pro se* Plaintiff Darryl L. Weber ("Plaintiff") has failed to state a claim upon which relief may be granted. *Id.* Plaintiff originally failed to respond to Kiewit's Motion, and on March 2, 2010, the Court entered an Order to Show Cause that gave Plaintiff 15 days to file a response stating why Kiewit's Motion to Dismiss should not be granted. (Doc. #20). On March 16, 2010, Plaintiff file a response to the Order. (Doc. #35). For the reasons set forth below, Kiewit's Motion to Dismiss is **GRANTED**.

### DISCUSSION

**I.    FACTS**[1]

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's Complaint Title VII ("Complaint"). (Doc. #6).

1

Plaintiff is a "Black Male who resides . . . [in] Kansas City, Missouri." Plaintiff alleges Defendants Kansas City Power & Light ("KCP&L"), R.F. Fisher Electric Co. ("Fisher"), and Kiewit discriminated against him due to his race. Plaintiff more fully explains his claims of discrimination in his Charge of Discrimination filed with the Equal Employment Opportunity Commission (the "EEOC"), which was attached as an exhibit to Plaintiff's Complaint.[2] In his Charge of Discrimination, Plaintiff states he "was employed by" Fisher, and while working he was harassed and called names by another Fisher employee. He claims when he complained to the Union Steward, he was "laid off." Regarding Kiewit, Plaintiff states he "was employed by a subcontractor [i.e., Fisher] for [Kiewit]," was harassed and called names by the same Fisher employee, and was subsequently terminated from Fisher's employ "because of [his] race, black, and retaliated against for [his] complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended."

Plaintiff does not allege Kiewit ever directly employed him. Neither does he claim Kiewit and Fisher have any interrelation of operations, common management, centralized control of labor operations, or common ownership or financial control.

## II. LEGAL STANDARDS

Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to

---

[2]"Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

## III. ANALYSIS

Plaintiff has failed to demonstrate Kiewit was his employer and should be held liable for his employer's (i.e., Fisher's) acts or decision to terminate Plaintiff's employment. 42 U.S.C. § 2000e(f) states, "The term 'employee' means an individual employed by an employer." While there is no doubt Kiewit is "*an* employer," Plaintiff has failed to demonstrate Kiewit was *his* employer. Instead, Plaintiff alleges that Fisher was his employer, a Fisher employee harassed and called him names, and Fisher terminated his employment because he complained about the employee's conduct and because of his race.

Certain factors must exist before determining that multiple entities may be treated as one "employer" as that term is used in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The factors that must be considered are: (1) the interrelation of operations; (2) whether there is common management; (3) whether there is centralized control of labor relations; and (4) whether there is common ownership or financial control of the various entities. *See Baker v. Stuart Broad. Co.*, 560 F.2d 389 (8th Cir. 1977).

Here, Plaintiff has not pled facts sufficient to conclude Kiewit was his employer. There is no evidence that Kiewit and Fisher's operations were interrelated or were ran by common management. Additionally, nothing suggests the two companies centrally controlled labor relations or shared common ownership or financial control**.** Therefore, Plaintiff has failed to state a claim against Kiewit upon which relief may be granted, and Kiewit's Motion to Dismiss is **GRANTED**.

## **CONCLUSION**

Even viewing Plaintiff's Complaint and the facts alleged therein in the light most favorable to the Plaintiff's position, Plaintiff has failed to establish Kiewit was his employer and should be held liable for Fisher's decision to terminate his employment. For this reason and those set forth above, the Court **GRANTS** Kiewit's Motion to Dismiss Plaintiff's claims against it.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   March 31, 2010